IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GLENDA DOUGLAS**                                                                                   **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO.: 3:25-cv-908-KHJ-MTP**

**YAZOO CITY MUNICIPAL SCHOOL DISTRICT; AND**
**MISSISSIPPI ACHIEVEMENT SCHOOL DISTRICT**            **DEFENDANTS**

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION

Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6), arguing that Plaintiff has failed to state a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"). Specifically, Defendants contend that Plaintiff's termination resulted from a neutral administrative restructuring, that Plaintiff did not suffer an adverse employment action, and that the facts alleged do not support an inference of age discrimination. [Doc. 6 at 3-7].

Defendants' arguments improperly ask the Court to accept Defendants' version of the facts while disregarding Plaintiff's well-pleaded allegations. At the pleading stage, however, the Court must accept all factual allegations in the Complaint as true and draw all reasonable inferences in Plaintiff's favor.

Here, Plaintiff alleges that she was a 70-year-old assistant principal who was informed that her position was being vacated for the 2025–2026 school year and that, if not selected after reapplying, she would be offered a teaching position consistent with her licensure. [Doc. 1 at 2]. Plaintiff further alleges that she applied for the position but was not interviewed, while younger assistant principals were retained, reassigned, or permitted to maintain their salaries. [Doc. 1 at 2].

1

Plaintiff additionally alleges that although she interviewed for an alternative administrative position, she was not selected, and her employment was ultimately terminated while younger and less senior employees were placed into administrative roles. [Doc. 1 at 2-3]. Plaintiff alleges that she was the oldest assistant principal in the district and the only one who was fully terminated and not permitted to retain employment or salary. *Id.* at 3.

These factual allegations, taken as true, plausibly allege that Plaintiff suffered an adverse employment action and was treated less favorably than younger comparators under circumstances giving rise to a reasonable inference of age discrimination. Accordingly, Plaintiff has adequately stated a claim for relief under the ADEA, and Defendants' Motion to Dismiss should be denied.

## II.     FACTUAL BACKGROUND

Plaintiff Glenda Douglas is a seventy-year-old woman who was employed by the Yazoo City Municipal School District as Dean of Climate and Culture and Assistant Principal beginning in July 2022. [Doc. 1 at 1-2]. Plaintiff was qualified for her position and successfully performed her duties throughout her employment with the District. [Doc. 1 at 2].

On May 9, 2025, Plaintiff received a letter from Superintendent Earl Watkins informing her that her position had been declared vacant for the 2025–2026 school year. [Doc. 1 at 2]. The letter instructed Plaintiff to reapply for the position and stated that, if she was not selected, she would be offered a teaching position commensurate with the endorsements on her valid Mississippi teaching license. [Doc. 1 at 2].

Plaintiff later learned that two other Assistant Principals, Tiffany King, who was in her late forties, and Carl Woodson, who was in his late thirties, received similar letters from Superintendent Watkins. [Doc. 1 at 2-3]. Plaintiff, Ms. King, and Mr. Woodson all applied for the vacant Assistant Principal position, but none of them were interviewed. [Doc. 1 at 3]. Ms. King and Mr. Woodson were subsequently offered different positions within the district and were permitted to retain their salaries. [Doc. 1 at 3]. Plaintiff was not offered any comparable reassignment. [Doc. 1 at 3].

Instead, Plaintiff was offered an interview for the position of Director of Alternative School. [Doc. 1 at 3]. Plaintiff interviewed for that position with district administrators but was later informed that she was not selected. [Doc. 1 at 3]. The Director of Alternative School position was ultimately offered to another individual who was substantially younger than Plaintiff. [Doc. 1 at 3]. Plaintiff further alleges that her former position as Dean of Climate and Culture and Assistant Principal was filled by another individual who was also substantially younger than Plaintiff. [Doc. 1 at 3-4].

Contrary to Superintendent Watkins' earlier assurance, Plaintiff was never offered a teaching position. [Doc. 1 at 4]. Instead, Plaintiff was removed from her administrative position, terminated from employment, and not allowed to be rehired by the district. [Doc. 1 at 4]. Plaintiff alleges that she was the oldest Assistant Principal employed by the district and the only Assistant Principal who was terminated outright, while younger Assistant Principals were retained, reassigned, and permitted to continue their employment. [Doc. 1 at 4].

### III. LEGAL STANDARD

When a federal court reviews the sufficiency of a complaint, "its task is necessarily a limited one." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* In ruling on a motion to dismiss, the court must accept "all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff." *Raj v. La. State Univ.*, 714 F.3d 322, 330 (5th Cir. 2013). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant ." *Id.* This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Conversely, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

In the context of employment discrimination, the Supreme Court has held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Swierkiewicz*, 534 U.S. at 515. The prima facie case "is an evidentiary standard, not a pleading requirement." *Id.* at 510. Therefore, it is "incongruous to require a plaintiff, in

order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Id.* at 512.

Applying this precedent, the Fifth Circuit has held that a plaintiff "need not make out a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj*, 714 F.3d at 331. A district court errs if it requires a plaintiff "to make a showing of each prong of the prima facie test for disparate treatment at the pleading stage." *Id.* However, a plaintiff must still plead sufficient facts on the "ultimate question" of whether the defendant "took the adverse employment action against a plaintiff because of her protected status." *Id.* at 331. Where a complaint fails to allege facts, direct or circumstantial, connecting the adverse action to the protected status, the plaintiff has "failed to raise [his] right to relief above the speculative level." *Id.*

## IV. ARGUMENT

### A. Plaintiff Has Plausibly Alleged All Elements Necessary to State a Claim Under the ADEA

Plaintiff has plausibly stated a claim for age discrimination under the Age Discrimination in Employment Act. To state a claim under the ADEA, a plaintiff must ultimately show that (1) she was discharged; (2) she was qualified for her position, (3) she was within the protected class at the time of discharge; and (4) she was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of her age. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). At the pleading stage, however, the Court held that "an

5

employment discrimination plaintiff need not plead a prima facie case of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).

Instead, the complaint must allege facts addressing the "ultimate question" of "whether a defendant took the adverse employment action against a plaintiff because of her protected status." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Dismissal is proper where a plaintiff's complaint "did not allege any facts, direct or circumstantial, that would suggest [the defendants'] actions were based on" the plaintiff's protected status. *Id.*

Here, Plaintiff alleges that she was seventy years old at the time of the challenged employment actions, placing her squarely within the ADEA's protected class. [Doc. 1 at 1]. Plaintiff further alleges that she was qualified for her position as Dean of Climate and Culture and Assistant Principal and that she successfully performed her duties throughout her employment, which began in July 2022. [Doc. 1 at 1-2]. These allegations sufficiently plead the qualification element at the Rule 12(b)(6) stage.

Plaintiff also alleges that she suffered an adverse employment action when she was removed from her administrative position and ultimately terminated from employment. [Doc. 1 at 3-4]. Termination is an adverse employment action under Fifth Circuit law. *See McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) ("[A]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.").

In addition, Plaintiff alleges facts supporting differential treatment based on age. Specifically, she alleges that younger Assistant Principals received the same notice regarding vacancy of their positions but were subsequently reassigned, retained, or

6

permitted to maintain their salaries, while Plaintiff was not offered any comparable reassignment and was terminated outright. [Doc. 1 at 2-4].

Plaintiff further alleges that both the Director of Alternative School position and her former administrative position were filled by individuals substantially younger than herself. [Doc. 1 at 3-4]. "[B]ecause the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996).

Taken together, Plaintiff's allegations plausibly suggest that she was treated less favorably than substantially younger employees under circumstances giving rise to a reasonable inference of age discrimination. At this stage of the litigation, Plaintiff is not required to rebut Defendants' asserted explanations or prove that age was the cause of her termination. Such issues are properly addressed after discovery. Accordingly, Plaintiff has satisfied Rule 8's pleading requirements and has plausibly alleged all elements necessary to state a claim for age discrimination under the ADEA. Defendants' Motion to Dismiss should therefore be denied.

### B. Plaintiff Has Alleged a Clear Adverse Employment Action

Defendants argue that Plaintiff did not suffer an adverse employment action because her termination allegedly resulted from a neutral administrative restructuring. [Doc. 6 at 4-6]. This argument fails as a matter of law and procedure because it mischaracterizes the nature of the adverse action and improperly asks the Court to accept Defendants' explanation over Plaintiff's well-pleaded allegations.

Plaintiff alleges that she was removed from her position as Dean of Climate and Culture and Assistant Principal, denied reassignment opportunities offered to younger employees, denied the promised teaching position, and ultimately terminated from employment. [Doc. 1 at 3-4]. Under settled Fifth Circuit law, termination of employment constitutes a classic and undisputed adverse employment action. *See McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) ("[A]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating."). The denial of reassignment or continued employment, when combined with termination, independently supports the existence of an adverse employment action. *See Alvarado v. Tex. Rangers*, 492 F.3d 605, 614 (5th Cir. 2007) (concluding that "the denial of a transfer may be the objective equivalent of the denial of a promotion, and thus qualify as an adverse employment action… if the position sought was objectively better").

Moreover, Defendants' attempt to characterize Plaintiff's termination as the result of a neutral restructuring does not alter this analysis. The Fifth Circuit has repeatedly held that an employer's asserted justification for an adverse action does not negate the existence of the adverse action itself. Rather, requiring a plaintiff to address such explanations at this stage improperly imposes an evidentiary burden on a pleading motion.

Ultimately, at the Rule 12(b)(6) stage, the Court is strictly bound by the "tenet that a court must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief," rather than

8

crediting Defendants' explanations at this stage. *Id.* at 679. Whether Defendants' purported restructuring was legitimate, applied uniformly, or used as a pretext for age discrimination are fact-intensive inquiries that cannot be resolved on a motion to dismiss. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 316 (5th Cir. 2004) (finding "disputed issues of material fact remain concerning [Defendants'] proffered reason for terminating [Plaintiff] and concerning whether age was a factor in that decision").

Accordingly, Plaintiff has clearly alleged an adverse employment action sufficient to satisfy Rule 8 and to support her ADEA claim. Defendants' effort to reframe Plaintiff's termination as a benign administrative decision improperly seeks to impose a summary-judgment standard at the pleading stage and should be rejected.

### C. Plaintiff Has Plausibly Alleged an Inference of Age Discrimination

Defendants argue that Plaintiff cannot establish an inference of age discrimination because certain individuals who replaced her or were selected for other positions were also over the age of forty. [Doc. 6 at 6-7]. This argument misstates governing law and ignores the factual allegations set forth in the Complaint.

The ADEA prohibits discrimination because of age, not merely discrimination in favor of individuals under the age of forty. As the Supreme Court has explained, the statute "does not ban discrimination against employees because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996). Consequently, "[t]he fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out because of his age." *Id.* Indeed, "the fact that a replacement is substantially younger

9

than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." *Id.* at 313.

The Fifth Circuit has applied similar reasoning, holding that "[t]reating younger workers more favorably is not the only way to prove age discrimination." *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 575 (5th Cir. 2003). Accordingly, the Circuit has recognized that a plaintiff may satisfy the fourth element of a *prima facie* case by showing that he was "(ii) replaced by someone younger," rather than requiring replacement by someone outside the protected class. *Id.*

Here, Plaintiff alleges that she was seventy years old at the time of the challenged employment actions and that she was treated less favorably than substantially younger employees. [Doc. 1 at 1, 3-4]. Specifically, Plaintiff alleges that the Director of Alternative School position for which she interviewed was ultimately filled by an individual significantly younger than herself. [Doc. 1 at 3-4]. Plaintiff further alleges that her former position as Dean of Climate and Culture and Assistant Principal was filled by another individual who was also substantially younger than she was. [Doc. 1 at 3-4]. These allegations alone are sufficient to support an inference of age discrimination at the pleading stage.

Plaintiff also alleges disparate treatment among similarly situated employees. She alleges that she was the oldest Assistant Principal employed by the district and the only Assistant Principal who was terminated outright, while younger Assistant Principals who received the same vacancy notice were retained, reassigned to other positions, and permitted to maintain their salaries. [Doc. 1 at 2-4]. These allegations support a reasonable inference of discriminatory intent because Plaintiff has demonstrated that

10

she "was treated less favorably because of [her] membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 259, 259 (5th Cir. 2009).

Defendants' focus on the fact that some individuals involved in the employment decisions were also within the protected age group improperly elevates an evidentiary consideration into a pleading requirement. As the Fifth Circuit has clarified, a plaintiff "need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss," and a court errs by "improperly substituting an 'evidentiary standard' for a 'pleading requirement.'" *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002)). Rather, Plaintiff must allege facts that, if true, permit a reasonable inference that age played a role in the challenged decisions.

When Plaintiff's allegations are taken as true and viewed in the light most favorable to her, they plausibly suggest that she was singled out for termination and denied reassignment because of her age while substantially younger employees were treated more favorably. Accordingly, Plaintiff has adequately alleged an inference of age discrimination sufficient to survive Defendants' Motion to Dismiss.

### D. Defendants' Reliance on Purported Legitimate, Non-Discriminatory Reasons Is Improper at the Pleading Stage

Defendants contend that Plaintiff's termination was justified by legitimate, non-discriminatory reasons, including administrative efficiency and operational needs. [Doc. 6 at 5-7]. These arguments are premature and improper on a motion to dismiss

because they ask the Court to weigh competing explanations and credit Defendants' factual assertions over Plaintiff's well-pleaded allegations.

At the pleading stage, a plaintiff is not required to establish the elements of the *McDonnell Douglas* framework, such as rebutting an employer's nondiscriminatory reasons. The Supreme Court has held that "[t]he prima facie case under *McDonnell Douglas*… is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Consequently, "[t]his Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Id.* at 511. Consistent with *Swierkiewicz*, the Fifth Circuit has recognized that "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Indeed, the Fifth Circuit has found that a court errs when "improperly substituting an 'evidentiary standard' for a 'pleading requirement'" at the motion-to-dismiss stage. *Id.*

Here, Plaintiff alleges that she was removed from her administrative position, denied reassignment opportunities afforded to younger Assistant Principals, denied the promised teaching position, and terminated from employment altogether. [Doc. 1 at 3-4]. Plaintiff further alleges that younger Assistant Principals who received the same vacancy notice were retained, reassigned, or permitted to continue their employment at the same salary, while she alone was terminated outright. [Doc. 1 at 2-4]. These allegations plausibly suggest discriminatory treatment and are sufficient to survive a Rule 12(b)(6) motion.

12

Defendants' reliance on asserted operational justifications improperly invites the Court to resolve factual disputes and assess credibility. At this stage, however, the Court must accept Plaintiff's allegations as true. As the Supreme Court has clarified, "[t]he plausibility standard is not akin to a probability requirement," but simply asks for "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Whether Defendants' asserted rationale was legitimate or served as a pretext is a fact-intensive inquiry that cannot be resolved on the pleadings.

Moreover, the Fifth Circuit has cautioned against dismissing discrimination claims based on an employer's facially neutral explanations at this stage. A court errs when it "inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019). Such inquiries are "better suited for the summary-judgment or trial stage." *Id.*

Accepting Plaintiff's allegations as true, as the Court must, Plaintiff has plausibly alleged that Defendants' proffered explanations do not account for why she alone was terminated while younger, similarly situated employees were retained and reassigned. [Doc. 1 at 2-4]. Defendants' attempt to short-circuit this inquiry at the pleading stage improperly seeks to impose a summary-judgment standard before discovery has occurred. Accordingly, Defendants' reliance on purported legitimate, non-discriminatory

13

reasons provides no basis for dismissal under Rule 12(b)(6), and Plaintiff's ADEA claim should be allowed to proceed.

### E. Dismissal of Mississippi Achievement School District Is Improper at the Pleading Stage

Defendants seek dismissal of Mississippi Achievement School District on the ground that it was not Plaintiff's employer. [Doc. 6 at 7-8]. This argument is premature and ignores the well-pleaded allegations of the Complaint, which plausibly allege that MASD exercised control over Plaintiff's employment and participated in the challenged employment decisions.

The Fifth Circuit recognizes that "superficially distinct entities may be exposed to liability" under federal employment statutes "upon a finding they represent a single, integrated enterprise: a single employer." *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763 (5th Cir. 1997) (quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983)). When determining if an entity qualifies as an employer, the Fifth Circuit emphasizes that "[t]he right to control an employee's conduct is the most important component" of the inquiry. *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir. 2015) (quoting *Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117, 119 (5th Cir. 1993)). Specifically, the Court considers "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id.*

Here, Plaintiff alleges that both Mississippi Achievement School District and Yazoo City Municipal School District exercised authority over her employment and that Superintendent Earl Watkins acted on behalf of both entities in communicating and implementing the employment decisions at issue. [Doc. 1 at 1-2]. Plaintiff further alleges

14

that MASD was involved in the decision-making process that resulted in her removal from her administrative position, denial of reassignment, and ultimate termination. [Doc. 1 at 2-4]. These allegations plausibly suggest that MASD exercised control over the terms and conditions of Plaintiff's employment.

Whether MASD had sufficient authority over Plaintiff's employment to qualify as a joint employer requires an examination of the parties' actual relationship, the degree of control exercised, and the allocation of decision-making authority between the entities. Such inquiries are inherently factual and cannot be resolved on the pleadings. *See Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir. 2015) (holding that the joint employer inquiry considers "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule" ); *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997) (noting the inquiry often refines to the single question: "What entity made the final decisions regarding employment matters related to the person claiming discrimination?").

Defendants' request for dismissal improperly asks the Court to resolve disputed facts and draw inferences in Defendants' favor regarding the nature of MASD's involvement. At the Rule 12(b)(6) stage, however, the Court must accept Plaintiff's allegations as true and draw all reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff is entitled to discovery to explore the extent of MASD's control over her employment and its role in the challenged decisions. Viewed under the proper pleading standard, Plaintiff's Complaint plausibly alleges that she was terminated because of her age while younger, similarly situated employees

15

were retained and treated more favorably, and that MASD participated in or exercised control over those decisions. [Doc. 1 at 1-4]. Defendants' arguments improperly seek to impose a heightened pleading burden, resolve fact-intensive issues of employer control, and credit Defendants' explanations over Plaintiff's allegations.

Because Plaintiff has alleged sufficient facts to plausibly support joint-employer liability, dismissal of Mississippi Achievement School District at this stage would be premature. Defendants' Motion to Dismiss should therefore be denied in its entirety.

V.     CONCLUSION

For the foregoing reasons, Plaintiff has alleged facts that plausibly state a claim for age discrimination under the Age Discrimination in Employment Act. When Plaintiff's well pleaded allegations are accepted as true and all reasonable inferences are drawn in her favor, as required at the Rule 12(b)(6) stage, the Complaint adequately alleges that Plaintiff suffered an adverse employment action, was treated less favorably than substantially younger, similarly situated employees, and that age plausibly played a role in Defendants' employment decisions.

Defendants' Motion to Dismiss improperly seeks to impose an evidentiary burden at the pleading stage, asks the Court to credit Defendants' asserted justifications over Plaintiff's factual allegations, and invites resolution of fact intensive issues that are inappropriate for determination on the pleadings. Plaintiff is not required to prove her case, negate Defendants' explanations, or conclusively establish joint employer liability at this stage. Rather, Plaintiff must only plausibly allege entitlement to relief, which she has done.

Accordingly, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety and allow this matter to proceed to discovery.

Respectfully submitted,

THIS the 21st day of January, 2026.

                                                Respectfully submitted,
                                                /s/ Jane A. Watson
                                                JANE A. WATSON (MB# 106877)
                                                Attorney for Plaintiff

OF COUNSEL:
THE WATSON LAW FIRM, PLLC
1501 Jackson Avenue W. STE 113, PMB 101
Oxford, MS 38655-2566
(601) 968-0000
Fax: (601) 968-0010
jane@thewatsonlawfirm.com

## **CERTIFICATE OF SERVICE**

I, Jane A. Watson, attorney for Plaintiff, do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading via ECF filing or by United States Mail with postage fully prepaid thereon to all counsel of record.

SO CERTIFIED, THIS the 21st day of January, 2026.

                                                /s/ Jane A. Watson
                                                JANE A. WATSON