UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GLENDA DOUGLAS                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 3:25-CV-908-KHJ-MTP

YAZOO CITY MUNICIPAL SCHOOL                                     DEFENDANTS
DISTRICT

ORDER

Before the Court is Defendant Yazoo City Municipal School District's ("the District") [9] Motion to Dismiss for Failure to State a Claim. For the reasons below, the Court denies the [9] Motion.

This is an employment discrimination case. Plaintiff Glenda Douglas ("Douglas") worked as an Assistant Principal at the District. Compl. [1] ¶ 8. She claims the District discriminated against her because of her age in violation of the Age Discrimination in Employment Act ("ADEA"). *Id.* ¶¶ 21–24. The District says Douglas has not alleged sufficient facts to state a claim. Def.'s Mem. in Supp. [10]. The Court disagrees.

In reviewing a Rule 12(b)(6) motion, "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). And a plaintiff bringing an ADEA claim need not plead a prima facie case under the *McDonnell Douglas* framework, including comparator evidence sufficient to withstand summary judgment; she need only plead facts that make her claim of age-based discrimination plausible. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (holding that a plaintiff need only plead facts plausibly suggesting discriminatory intent).

The [1] Complaint satisfies this standard. Therefore, the Court denies the District's [9] Motion. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 3rd day of August, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

2